# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| DEBORAH J. DOLLAR DOUGLAS; ) <br> LISA R. SHINAVER; ) <br> ELIZABETH G. DOLLAR WILEY; and ) <br> DOES 1 THROUGH 800, et. al. ) <br> ) <br> Plaintiffs ) <br> ) <br> v. ) <br> ) <br> EXECUTIVE BOARD OF THE DRY CREEK ) <br> RANCHERIA BAND OF POMO INDIANS; ) <br> HARVEY HOPKINS; BETTY JEAN PARKER ) <br> ATTERBERRY; MARIE ROJES; AUGUSTA ) <br> PENA; GABRIEL NEVAREZ, AND ) <br> DOES 1 THROUGH 200, et al. ) <br> ) <br> Defendants ) <br> _____) | Case No. CV-08-159-S-EJL-LMB <br><br> **ORDER AND REPORT AND RECOMMENDATION** |

Currently pending before the Court are Plaintiffs' Motion for Default Judgment (Docket No. 20), Plaintiffs' Motion for Default Judgment (Amended Complaint) (Docket No. 35), and Defendants' Unopposed Motion for Protective Order and for Order Staying Discovery Pending Resolution of Defendants' Motion to Dismiss (Docket No. 40).[1]  All pretrial matters have been referred to the undersigned pursuant to Order (Docket No. 4).  In the interest of avoiding further delay, and because the Court conclusively finds that the decisional process would not be significantly aided by oral argument, these motions shall be decided on the record before this Court without oral argument.  Dist. Idaho Loc. Civ. R. 7.1(d)(2)(ii).

---

[1] Defendants' Motion to Dismiss Amended Complaint (Docket No. 30) will be addressed in a subsequent Report and Recommendation.

**ORDER - p. 1**

I.

BACKGROUND

On April 9, 2008, Plaintiffs filed the original Complaint in this action (Docket No. 1). Defendants responded with a Motion to Dismiss on May 6, 2008.  (Docket No. 7).  On May 21, 2008, Plaintiffs filed their first Motion for Default Judgment (Docket No. 20) with regard to the initial Complaint.

On July 8, 2008, Plaintiffs filed a Motion to Amend their Complaint (Docket No. 28). Defendants consented to the Motion to Amend (Docket No. 29) and filed a Motion to Dismiss Plaintiffs' Amended Complaint (Docket No. 30).  By Docket Entry Order, the Court granted Plaintiffs' unopposed Motion to Amend and denied as moot Defendants' Motion to Dismiss. (Docket No. 33).

On August 4, 2008, Plaintiffs filed a second Motion for Default Judgment (Docket No. 35), this time with regard to their Amended Complaint.  On September 26, 2008, Defendants filed an unopposed Motion for Protective Order and for Order Staying Discovery Pending Resolution of Defendants' Motion to Dismiss (Docket No. 40).

II.

DISCUSSION

**A.    Motions for Default Judgment**

Plaintiffs' first Motion for Default Judgment (Docket No. 20) should be denied as moot, because Plaintiffs have amended their Complaint and filed a subsequent Motion for Default Judgment (Docket No. 35).  In addition, Plaintiffs' second Motion for Default Judgment (Docket No. 35) should also be denied, because, as set forth in greater detail below, Defendants filed a

**ORDER - p. 2**

Motion to Dismiss Plaintiffs' Amended Complaint (Docket No. 30), a response provided for under the Federal Rules of Civil Procedure.

A default judgment is appropriate "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend." Fed. R. Civ. P. 55(a). In the instant case, Defendants did not file an Answer to Plaintiffs' Amended Complaint but instead filed a Motion to Dismiss under Rule 12(b). *See* (Docket No. 30). This is a sufficient defense to the suit.

A motion asserting any of the defenses outlined in Rule 12(b) "must be made before pleading if a responsive pleading is allowed." Fed. R. Civ. P. 12(b). Moreover, by filing the Motion to Dismiss, Defendants altered the time for serving a responsive pleading. *See* Fed. R. Civ. P. 12(a)(4). Accordingly, a responsive pleading is not required unless or until the Court denies the motion to dismiss or grants a motion for more definite statement. *Id.*

In short, a timely motion to dismiss is a responsive pleading sufficient to prevent entry of a default judgment. *See King v. Russell*, 963 F.2d 1301, 1305 (9th Cir. 1992). Therefore, it is recommended that Plaintiffs' Motion for Default Judgment (Amended Complaint) (Docket No. 35) be denied.

**B. Unopposed Motion to Stay Discovery**

Defendants' Motion for Protective Order and for Order Staying Discovery Pending Resolution of Defendants' Motion to Dismiss (Docket No. 40) is unopposed. Both parties agree that it is sensible "to not conduct discovery while the motion to dismiss is pending." *Declaration of Frank Lawrence*, ¶ 6 (Docket No. 40-3). Moreover, it is undisputed that the parties have not met and conferred as required under Rule 26(f). Fed. R. Civ. P. 26(f).

Therefore, any discovery is premature at this point. "A party may not seek discovery from any source before the parties have met and conferred as required by Federal Rule of Civil Procedure 26(d) and (f). Dist. Idaho Loc. Civ. R. 26.2(a).

In light of the above and to clarify the any doubts, this Court issues a stay on all discovery, including any pending discovery requests, until a final order has been issued on Defendants' Motion to Dismiss (Docket No. 30).

## III.

## RECOMMENDATION

It is recommended that Plaintiffs' Motion for Default Judgment (Docket No. 20) be denied as moot. It is further recommended that Plaintiffs' Motion for Default Judgment (Amended Complaint) (Docket No. 35) be denied. Any objections to this recommendation must be filed within ten (10) days. *See* 28 U.S.C. §636(b)(1)(A); Dist. Idaho Loc. Civ. R. 72.1.

## IV.

## ORDER

It is hereby ORDERED that Defendants' Unopposed Motion for Protective Order and for Order Staying Discovery Pending Resolution of Defendants' Motion to Dismiss (Docket No. 40) is GRANTED.

DATED: October 3, 2008.

_____
**Honorable Larry M. Boyle**
**Chief U. S. Magistrate Judge**