# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| DEBORAH J. DOLLAR DOUGLAS; <br> LISA R. SHINAVER; <br> ELIZABETH G. DOLLAR WILEY; and <br> DOES 1 THROUGH 800, et. al. <br><br> Plaintiffs <br><br> v. <br><br> EXECUTIVE BOARD OF THE DRY CREEK <br> RANCHERIA BAND OF POMO INDIANS; <br> HARVEY HOPKINS; BETTY JEAN PARKER <br> ATTERBERRY; MARIE ROJES; AUGUSTA <br> PENA; GABRIEL NEVAREZ, AND <br> DOES 1 THROUGH 200, et al. <br><br> Defendants | Case No. CV-08-159-S-EJL-LMB <br><br> **REPORT AND RECOMMENDATION** |

Currently pending before the Court is Defendants' Motion to Dismiss Amended Complaint (Docket No. 30).[1] All pretrial matters have been referred to the undersigned pursuant to Order (Docket No. 4). In the interest of avoiding further delay, and because the Court conclusively finds that the decisional process would not be significantly aided by oral argument, these motions shall be decided on the record before this Court without oral argument. Dist. Idaho Loc. Civ. R. 7.1(d)(2)(ii).

---

[1] Also pending but not yet ripe for review is Plaintiffs' Motion for Temporary Restraining Order and Preliminary Injunction (Docket No. 42).

**REPORT AND RECOMMENDATION- p. 1**

# I.

# BACKGROUND

The named Plaintiffs, Deborah Douglas, Lisa Shivaner, and Elizabeth Wiley, are enrolled members of the Dry Creek Rancheria Band of Pomo Indians ("Tribe"), a federally recognized Indian tribe. *Amended Complaint*, pp. 1-2 (Docket No. 28-2). The named Defendants are also enrolled members of the Tribe and comprise the Dry Creek Rancheria Band of Pomo Indians Executive Board. *Id.* The named Defendants include: (1) Harvey Hopkins; (2) Betty Jean Parker Arterberry; (3) Marjie Rojes; (4) Augusto Pena; and (5) Gabriel Nevarez. *Id.* at p.1.

Plaintiffs allege that the Defendants, as members of the Executive Board, are charged with the responsibility of maintaining the Tribe's enrollment records pursuant to Article III of the Tribe's Articles of Association. *Id.* at pp. 6-7. Plaintiffs further allege that the Tribe's enrollment records include a large number of individuals whose enrollment does not comply with Article III. *Id.* at p. 6. According to Plaintiffs, the result is that a large number of individuals are improperly receiving benefits of Tribal membership, including attending and voting at Tribal meetings and receiving monthly and once-in-a-lifetime monetary distributions, higher education assistance, various forms of housing assistance, and other forms of assistance. *Id.* at pp. 8-9.

Plaintiffs bring this action as a class action on behalf of the "proven legal members" of the Tribe and seek "redress in this Court from the Defendants in their individual (personal) capacities rather than in their official capacities due to the Defendants' actions 'under colour of state law,' exercising the authority of their respective elected offices, in direct violation of the Tribe's Articles of Association." *Id.* at pp. 4,13. Plaintiffs seek injunctive relief, including the

return and reallocation of funds "disbursed to enrolled members not in compliance with the Articles of Association." *Id.* at pp. 11- 13.  Plaintiffs also object to Defendants' use of Tribal counsel.  *Id.* at p. 13.  *Plaintiffs' Response Brief in Opposition to Defendants' Motion to Dismiss*, pp. 7-9 (Docket No. 36).

## II.

## DISCUSSION

Defendants filed the instant Motion to Dismiss Plaintiffs' Amended Complaint (Docket No. 30) pursuant to Federal Rules of Civil Procedure 12(b)(1), (2), (3) and (6).  *See Memorandum in Support of Motion to Dismiss,* pp. 12-13 (Docket No. 34).  Defendants argue the Amended Complaint should be dismissed on the following bases: (1) failure to exhaust tribal remedies; (2) the claims are within the tribe's exclusive jurisdiction; (3) failure to state a claim; (4) tribal immunity; (5) lack of personal jurisdiction; and (6) improper venue.  *Id.*

Where, as here, the issues related to subject-matter jurisdiction are relatively straightforward, the Court should turn its attention to subject-matter jurisdiction first.  *See Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 587-88 (1999).  Without subject-matter jurisdiction, the Court must dismiss the case and the other defenses to suit are essentially moot.

**A.      Subject Matter Jurisdiction**

Federal courts are courts of limited jurisdiction.  *Stock West, Inc. v. Confederated Tribes of the Colville Reservation*, 873 F.2d 1221, 1225 (9th Cir. 1989).  "A federal court is presumed to lack jurisdiction in a particular case unless the contrary affirmatively appears."  *Id.*  The plaintiff bears the burden of pleading and ultimately proving that the federal court has subject matter

**REPORT AND RECOMMENDATION- p. 3**

jurisdiction over the lawsuit. *Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375, 377 (1994).

Here, Defendants raise a facial attack against subject matter jurisdiction arguing that the allegations contained in the Amended Complaint are insufficient to invoke federal jurisdiction. *See Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004). Therefore, no evidentiary hearing is necessary; the factual allegations in the Complaint are accepted as true and all reasonable inferences are made in favor of the non-moving party. *See McLachlan v. Bell*, 261 F.3d 908, 909 (9th Cir. 2001).

    **1.**    **Diversity Jurisdiction**

Plaintiffs do not plead diversity jurisdiction but raise the issue in their briefing. *See Plaintiffs' Response in Opposition to Defendants' Motion to Dismiss*, p. 5 (Docket No. 36). This is the sole rationale for jurisdiction raised by Plaintiffs.

To establish diversity jurisdiction, Plaintiffs must demonstrate: (1) the matter in controversy exceeds $75,000 exclusive of interest and costs, and (2) the civil action involves citizens of different states. *See* 28 U.S.C. § 1332. In order to meet the diversity requirement, federal courts require complete diversity between the parties. *See Caterpillar Inc. v. Lewis*, 519 U.S. 61, 67-68 (1996). This means that all of the named Plaintiffs must be citizens of a different state than all of the named Defendants. *Id*.

*Pro se* plaintiffs are given every benefit of the doubt and are generally held to less stringent drafting standards. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972). Nonetheless, by Plaintiffs' own admissions, complete diversity does not exist here.

**REPORT AND RECOMMENDATION- p. 4**

In the Amended Complaint, Plaintiffs state that one of the named Plaintiffs, Elizabeth G. Dollar Wiley, resides in Pasadena, California. *Amended Complaint*, p. 14 (Docket No. 28-2). In addition, Plaintiffs allege that one of the named Plaintiffs and all of the named Defendants are residents of California. *See Plaintiffs' Response in Opposition to Defendants' Motion to Dismiss*, p. 5 (Docket No. 36) ("This court may exercise jurisdiction over this case due to the diversity of state residence between two of the Plaintiffs who have Idaho state residency, one Plaintiff and all five Defendants who have California state residency.") Plaintiffs make this same argument in their *Reply to Defendants' Opposition to Plaintiffs' Motion for Default Judgment*, p. 3 (Docket No. 39) ("Two of the named Plaintiffs are residents of the State of Idaho, while the other named Plaintiff and all of the named Defendants are residents of the State of California.")

Because one of the Plaintiffs and all of the Defendants are residents of California, the diversity requirement of 28 U.S.C. § 1332 has not been met. Therefore, the Court may not exercise subject matter jurisdiction over this controversy on the basis of diversity of citizenship pursuant to 28 U.S.C. § 1332.

    **2.**    **Jurisdiction under 28 U.S.C. § 1343**

Recognizing that *pro se* pleadings should be liberally construed, *see Balisteri v. Pacifica Police Dept.*, 901 F.2d 696, 699 (9th Cir. 1990), the Court will address another potential basis for federal court jurisdiction raised in Plaintiffs' Amended Complaint (Docket No. 28-2). Plaintiffs' only specified theory of liability is a claim brought under 42 U.S.C. § 1983, because Defendants allegedly deprived them of their "civil rights as guaranteed by the Tribe's Articles of Association and the Fourteenth Amendment of the U.S. Constitution." *Amended Complaint*, p. 4 (Docket No. 28-2). This claim raises the potential for federal jurisdiction under 28 U.S.C. § 1343(a)(1).

42 U.S.C. § 1983 provides, in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

Similarly, 28 U.S.C. § 1343(a)(3) provides, in relevant part:

> The district courts shall have original jurisdiction of any civil action authorized by law to be commenced by any person . . . [t]o redress the deprivation, under color of any state law, statute, ordinance, regulation, custom, or usage, of any right, privilege or immunity secured by the Constitution of the United States.

Generally, federal courts do not consider the merits of a claim in determining jurisdiction. *See Bell v. Hood*, 327 U.S. 678, 682 (1946). "The nonexistence of a cause of action [is] no proper basis for a jurisdictional dismissal." *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 96 (1998). Nonetheless, there is an exception to this rule for claims that are "wholly insubstantial and frivolous." *Bell v. Hood*, 327 U.S. at 682-83. "Dismissal for lack of subject-matter jurisdiction because of the inadequacy of the federal claim is proper only when the claim is 'so insubstantial, implausible, foreclosed by prior decisions of this Court, or otherwise completely devoid of merit as not to involve a federal controversy.'" *Steel Co. v. Citizens for a Better Env't*, 523 U.S. at 89 (quoting *Oneida Indian Nation of N.Y. v. County of* Oneida, 414 U.S. 661, 666 (1974)).

Because Plaintiffs' 42 U.S.C. § 1983 claim is foreclosed by United States Supreme Court precedent, the 42 U.S.C. § 1983 claim is insufficient to support federal court jurisdiction and, therefore, this action should be dismissed. In order to state a claim under § 1983, Plaintiffs must allege: (1) Defendants deprived them of a right secured by the Constitution or laws of the United

States and (2) in doing so, Defendants acted under color of state law. *See Jensen v. Lane County*, 222 F.3d 570, 574 (9th Cir. 2000).

The fundamental obstacle to Plaintiffs' claims is that they failed to allege either the state actor or state action necessary to make and support the claim. Section 1983 applies to individuals acting "under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia." 42 U.S.C. § 1983. Here, Plaintiffs make no effort to claim that Defendants were acting under color of state law. Rather, Plaintiffs' allegations focus exclusively upon Defendants' alleged failure to comply with tribal law. Such allegations cannot support a claim under 42 U.S.C. § 1983.

"[A]ctions under section 1983 cannot be maintained in federal court for persons alleging a deprivation of constitutional rights under color of tribal law." *Evans v. McKay*, 869 F.2d 1341, 1347 (9th Cir. 1989). As the United States Supreme Court has explained:

> [N]o action under 42 U.S.C. § 1983 can be maintained in federal court for persons alleging deprivation of constitutional rights under color of tribal law. Indian tribes are separate and distinct sovereignties, *Santa Clara Pueblo v. Martinez*, 436 U.S. 49, 56, 98 S.Ct. 1670, 1675, 56 L.Ed.2d 106 (1978); *see United States v. Wheeler*, 435 U.S. 313, 331, 98 S.Ct. 1079, 1090, 55 L.Ed.2d 303 (1978), and are not constrained by the provisions of the fourteenth amendment. *Twin Cities Chippewa Tribal Council v. Minnesota Chippewa Tribe*, 370 F.2d 529, 533 (8th Cir.1967); *see Talton v. Mayes*, 163 U.S. 376, 16 S.Ct. 986, 41 L.Ed. 196 (1896); *Martinez v. Southern Ute Tribe*, 249 F.2d 915, 919 (10th Cir.1957), *cert. denied*, 356 U.S. 960, 78 S.Ct. 998, 2 L.Ed.2d 1067 (1958). As the purpose of 42 U.S.C. § 1983 is to enforce the provisions of the fourteenth amendment, *Monroe v. Pape*, 365 U.S. 167, 171, 81 S.Ct. 473, 475, 5 L.Ed.2d 492 (1961); *Thompson v. New York*, 487 F.Supp. 212, 220 (N.D.N.Y.1979), it follows that actions taken under color of tribal law are beyond the reach of § 1983, and may only be examined in federal court under the provisions of the Indian Civil Rights Act.

*R.J. Williams Co. v. Fort Belknap Housing Authority*, 719 F.2d 979, 982 (1983), *cert. denied*, 472 U.S. 1016 (1985).

REPORT AND RECOMMENDATION- p. 7

In light of the above case law, Plaintiffs' sole enumerated claim, brought under 42 U.S.C. § 1983, is foreclosed by legal precedent and, thus, insufficient to support federal jurisdiction. Furthermore, because Plaintiffs have not set forth any valid basis for federal jurisdiction, it is recommended that the district court dismiss the Amended Complaint. It is further recommended that the dismissal be without prejudice in light of the fact that Plaintiffs are appearing *pro se*.

### 3. Other Jurisdictional Bars to Suit

Because the Court lacks subject matter jurisdiction over this dispute, it will not consider the additional defenses to suit set forth in Defendants' Motion to Dismiss Amended Complaint (Docket No. 34).

## III.

## RECOMMENDATION

With all the foregoing in mind, it is recommended that this Court grant Defendants' Motion to Dismiss (Docket No. 30). Plaintiffs have not met their burden in establishing federal jurisdiction over the dispute, and the sole federal claim alleged fails to meet the standard necessary to establish jurisdiction. Therefore, the district court should dismiss the Amended Complaint without prejudice pursuant to Federal Rule of Civil Procedure 12(b)(1).



DATED: **November 3, 2008**.

_____
Honorable Larry M. Boyle
U. S. Magistrate Judge