IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| DEBORAH J. DOLLAR DOUGLAS, et al., ) | |
| ) | |
| Plaintiffs, ) | Case No. CV08-159-S-EJL |
| ) | |
| vs. ) | MEMORANDUM ORDER |
| ) | |
| DRY CREEK RANCHERIA BAND ) | |
| OF POMO INDIANS, et al., ) | |
| ) | |
| Defendants. ) | |
| ) | |

Before the Court in the above entitled matter are Plaintiffs' motion to withdraw Elizabeth Wiley, second motion to amend, and Defendants' motion to dismiss. Also pending before the Court is Plaintiffs' motion for preliminary injunction. (Dkt. No. 42). The briefing on the motion for preliminary injunction has been stayed pending resolution of the Defendants' motion to dismiss. (Dkt. No. 45). Having fully reviewed the record herein, the Court finds that the facts and legal arguments are adequately presented in the briefs and record. Accordingly, in the interest of avoiding further delay, and because the Court conclusively finds that the decisional process would not be significantly aided by oral argument, this motion shall be decided on the record before this Court without oral argument. Local Rule 7.1(d)(2)(ii).

**Factual and Procedural History**

The Plaintiffs, Deborah J. Dollar Douglas, Lisa R. Dollar Shinaver, and Elizabeth Wiley, are enrolled members of the Dry Creek Rancheria Band of Pomo Indians ("the Tribe"). Plaintiffs filed a class action law suit on behalf of members of the Tribe against certain named Defendants, who are executive board members of the Tribe's committee and are responsible for the enrollment

MEMORANDUM ORDER - 1

records of the Tribe. The Complaint alleges Defendants have violated the Tribe's Articles of Association by failing to properly maintaining the enrollment records of the Tribe such that a large number of individuals are improperly listed as enrolled members. Certain monetary distributions and other benefits are made to enrolled tribal members from the list. As a result, Plaintiffs argue, a number of individuals are improperly receiving the benefits of Tribal membership. Plaintiffs seek an order directing the Defendants "to refrain immediately and pending the final hearing and determination of this action" from convening membership meetings where candidate nominations and elections for the new board of directors for the Tribe will be held and/or holding meetings for referendum elections or votes on amendments to the Tribe's Articles of Association.

On July 8, 2008, Plaintiffs' filed their first motion to amend complaint to clarify certain statements and correct errors. (Dkt. No. 28). Defendants filed a non-opposition to the motion to amend, whereupon the Court granted the motion to amend. (Dkt. Nos. 29, 33). Defendants also filed the instant motion to dismiss. (Dkt. Nos. 30, 44). On November 3, 2008, United States Magistrate Judge Larry M. Boyle issued a Report and Recommendation, recommending that Defendants' motion to dismiss be granted. Thereafter, Plaintiffs filed their pending motion to withdraw and second motion to amend complaint. (Dkt. Nos. 46, 48). The parties have fully briefed these motions and the matters are now ripe for the Court's review.

**Discussion**

I.   Motion to Dismiss / Report and Recommendation

Any party may challenge a Magistrate Judge's proposed recommendation by filing written objections within ten days after being served with a copy of the magistrate's Report and Recommendation. 28 U.S.C. § 636(b). The district court must then "make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." Id. The district court may accept, reject, or modify in whole or in part, the findings and recommendations made by the magistrate. Id.; see also Fed. R. Civ. P. 72(b). Here, neither side has filed objections to the report and recommendation. Instead, Plaintiffs filed the instant pending motions and a "response" to the Report and Recommendation that asked the Court to stay its consideration of the Report and Recommendation until it has considered the Plaintiffs' second motion to amend complaint and motion to withdraw Ms. Wiley. (Dkt. No. 47). The Court

MEMORANDUM ORDER - 2

acquiesced in this request and has delayed its ruling on the motion to dismiss until such time as the Plaintiffs' motions were filed and ripe. (Dkt. No. 45). The time has now come for consideration of these matters.

The Court has conducted a *de novo* review of the Report and Recommendation, the parties' motions, briefing, and the entire record in these matters. Based upon this review, the Court finds that the motion to dismiss should be granted as the Court lacks both personal and subject matter jurisdiction. It is noteworthy that the Plaintiffs did not object to the Report and Recommendation and instead filed motions seeking to correct the jurisdictional deficiencies found by the Magistrate Judge. The question now is whether Plaintiffs' subsequent corrective filings are proper and whether they are sufficient to overcome the motion to dismiss.

Allowing Ms. Wiley to withdraw resolves the complete diversity problem with the complaint but does not resolve all of the jurisdictional shortcomings. The Defendants also raised the lack of personal jurisdiction in their motion to dismiss. (Dkt. Nos. 34, 38). Personal jurisdiction over both parties is required before a court may decide a case in controversy. U.S. CONST. amend. XIV. Two forms of personal jurisdiction exist – general and specific. Helicopteros Nacionales de Colombia v. Hall, 466 U.S. 408 (1984). When a State exercises personal jurisdiction over a defendant in a suit arising out of or related to the defendant's contacts with the forum, the State is exercising "specific jurisdiction" over the defendant. Helicopteros, 466 U.S. at 414 n. 8 (citation omitted). It is well established in the Ninth Circuit that three conditions must be met before a court may exercise specific personal jurisdiction over a nonresident defendant: (1) the nonresident defendant must purposefully conduct activities within the forum; (2) the claim must arise or result from forum-related activities; and (3) the exercise of jurisdiction must be reasonable. Doe v. Unocal Corp., 248 F.3d 915, 923 (9th Cir. 2001); see also Ballard v. Savage, 65 F.3d 1495 (9th Cir.1995).

A plaintiff has the burden of establishing that the court has personal jurisdiction over the defendants. Shute v. Carnival Cruise Lines, 897 F.2d 377, 379 (9th Cir. 1990). The Plaintiff need only make a prima facie showing of facts supporting jurisdiction through its pleadings and affidavits to avoid dismissal. Glencore Grain Rotterdam B.V. v. Shivnath Rai Harnarain Co., 284 F.3d 1114, 1119 (9th Cir. 2002) (citing Myers v. Bennett Law Offices, 238 F.3d 1068, 1071 (9th Cir. 2001)). The Court accepts as true Plaintiff's uncontroverted allegations, and resolve in its favor factual

MEMORANDUM ORDER - 3

conflicts contained in the parties' filings. Id. (AT & T Co. v. Compagnie Bruxelles Lambert, 94 F.3d 586, 588 (9th Cir. 1996)).

The Court has given Plaintiffs every benefit of the doubt as to the personal jurisdiction question. There are simply no factual allegations in any of the complaints to establish the necessary minimum contacts with Idaho necessary for this Court to exercise personal jurisdiction over the Defendants. The proposed second amended complaint states that all Defendants are residents of the State of California. The Dry Creek Rancheria that is set aside for the use of the Pomo Indians is located in Geyserville, Sonoma County, California. While it is true that several of the named Plaintiffs are residence of Idaho, there are no allegations that any of the Defendants had any contact with the state of Idaho let alone the requisite minimum contacts necessary for personal jurisdiction. As such, this Court lacks personal jurisdiction over the Defendants and the motion to dismiss must be granted.

Further, the Court lacks subject matter jurisdiction in this case as the second amended complaint still fails to state a claim under § 1983. Plaintiffs' argue jurisdiction exists because their constitutional rights have been violated by the actions of the Defendants contrary to the Tribe's Articles of Association. (Dkt. No. 50, p. 4). The proposed second amended complaint states that "Plaintiffs are seeking redress in this forum rather than a Tribal Court due to the fact [that] Dry Creek Rancheria Band of Pomo Indians has no court of competent jurisdiction. There is no Tribal Code in effect...only the Tribe's Articles of Association...the legal equivalent of the U.S. Constitution to our Tribe." (Dkt. No. 48-2, p. 7). Thus, Plaintiffs allege violations of the Tribe's Articles of Associations and their civil rights as guaranteed by the First and Fourteenth Amendments of the United States Constitution "by not allowing those enrolled members with a legal right to assemble in a peaceable forum, to participate and cast their vote when required at a Tribal Counsel meeting without fear of reprisal, to have their vote count as a true representation of the legal membership, to hold an election free from intimidation, to access the Tribe's resources with regard to housing, health care, education and other social programs without prejudice as well as deprivation of per capita payments." (Dkt. No. 48-2, pp. 7-8). These actions, Plaintiffs' assert, are "actionable under 42 U.S.C. § 1983 as Individual Defendants acted contrary to the Tribe's Articles of Association...." (Dkt. No. 48-2, p. 8).

The allegations do not state a claim for relief under § 1983. As stated by the Magistrate Judge, "[i]n order to state a claim under § 1983, Plaintiffs must allege: (1) Defendants deprived them of a right secured by the Constitution or laws of the United States and (2) in doing so, Defendants acted under color of state law." (Dkt. No. 44, pp. 6-7). Though the Court has attempted to afford the Plaintiffs every benefit of the doubt, the allegations simply do not make up a claim under § 1983. Accordingly, the motion to dismiss is granted.

II.     Motion to Withdraw

Plaintiffs seek permission pursuant to Federal Civil Rule 15(a)(2)(d) and Local Rule 15.1 to allow Elizabeth G. Dollar Wiley to withdraw as a named Plaintiff and to add the names of Plaintiffs DOES 1 thru 14. (Dkt. No. 46). Attached to the motion is Ms Wiley's statement in support of removal which states that she is withdrawing from the lawsuit due to "ill health and demands from my career work" and other time commitments and the financial burdens of her health issues which preclude her from participating in this case. This motion is filed in direct response to the Report and Recommendations finding that Ms. Wiley's participation as a named Plaintiff destroyed diversity and, therefore, the Court lacks subject matter jurisdiction over this case. (Dkt. No. 44, p. 5). In light of the Court's rulings on the other motions before it, this motion is moot.

III.    Second Motion to Amend

Plaintiffs have also filed a second motion to amend the complaint and supporting documentation which removes Ms. Wiley as a named Plaintiff but retains the same claims and allegations. (Dkt. No. 48). Defendants have responded to this motion arguing the motion to amend should be denied. (Dkt. No. 49).

Federal Rule of Civil Procedure 15(a) provides that after responsive pleading has been filed, a party may amend their pleading only by leave of the court or written consent of the adverse party. Such leave "shall be freely given when justice so requires." Fed. R. Civ. P. 15(a). "Liberality in granting a plaintiff leave to amend is subject to the qualification that the amendment not cause undue prejudice to the defendant, is not sought in bad faith, and is not futile. Additionally, the district court may consider the factor of undue delay." Bowles v. Reade, 198 F.3d 752, 757-58 (9th Cir. 1999) (citation omitted). The Ninth Circuit has held that "a district court should grant leave

to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts." Nunes v. Ashcroft, 375 F.3d 805, 808 (9th Cir. 2004) (quoting Doe v. United States, 58 F.3d 494, 497 (9th Cir. 1995)).

In considering a request for leave to amend, the Ninth Circuit has "repeatedly stressed that the court must remain guided by 'the underlying purpose of Rule 15 ... to facilitate decision on the merits, rather than on the pleadings or technicalities.' " Nunes, 375 F.3d at 808 (citations omitted). "[A] district court does not 'abuse its discretion in denying a motion to amend a complaint ... when the movant presented no new facts but only 'new theories' and 'provided no satisfactory explanation for his failure to fully develop his contentions originally.'" Id. (citations omitted). However, denial of leave to amend should not result in the court of appeals having "to make the initial determination as to whether the new theory would survive a motion to dismiss." Id. When "assessing the propriety of a motion for leave to amend, [courts should] consider five factors: (1) bad faith; (2) undue delay; (3) prejudice to the opposing party; (4) futility of amendment; and (5) whether the plaintiff has previously amended his complaint. Futility, bad faith, or prejudice to the opposing party alone can justify the denial of a motion for leave to amend." Id.; see also Bowles v. Reade, 198 F.3d 752, 758 (9th Cir. 1999); Contact Lumber Co. v. P.T. Moges Shipping Co. Ltd., 918 F.2d 1446, 1454 (9th Cir. 1990). However, although courts may consider undue delay as a factor, it is not by itself sufficient to justify denying a motion to amend. See Bowles, 198 F.3d at 758.

Here, Defendants argue the motion to amend should be denied as it constitutes undue delay, prejudice, and it is futile. (Dkt. No. 49). Defendants correctly point out that Plaintiffs were already given the opportunity to file an amended complaint; arguing the Plaintiffs have unduly delayed by waiting until after the Report and Recommendation was issued to seek to file a second amended complaint. (Dkt. No. 49, p. 5). Defendants also contend that the second amended complaint fails to cure the defects upon which the motion to dismiss should be granted because jurisdiction does not lie and no viable § 1983 claim has been alleged. The Court agrees. The claims stated by Plaintiffs in the proposed second amended complaint suffer from the same obstacles as discussed above and in the Report and Recommendation. As determined above, allegations of violations of tribal law by tribal officials does not state a claim under 42 U.S.C. § 1983 rendering the second amended complaint futile. (Dkt. No. 44, p. 7). Further, even if Ms. Wiley withdraws, the Court lacks personal jurisdiction over the Defendants. Accordingly, the motion to dismiss will be granted

and the motion to file a second amended complaint is denied.  See Kendall v. Visa U.S.A., Inc., 518 F.3d 1042, 1051 (9th Cir. 2008) ("Dismissal without leave to amend is proper if it is clear that the complaint could not be saved by amendment.") (citing Eminence Capital, LLC v. Aspeon, Inc., 316 F.3d 1048, 1052 (9th Cir. 2003) (per curiam)).

## ORDER

Having conducted a *de novo* review of the Report and Recommendation, this Court finds that Magistrate Judge Boyle's Report and Recommendation is well founded in law and consistent with this Court's own view of the evidence in the record.  Acting on the recommendation of Magistrate Judge Boyle, and this Court being fully advised in the premises, **IT IS HEREBY ORDERED** that the Report and Recommendation entered on November 3, 2008, (Dkt. No. 44), should be, and is hereby, **INCORPORATED** by reference and **ADOPTED** in its entirety.

**IT IS FURTHER ORDERED** as follows:

1) Plaintiffs' Motion to Withdraw Elizabeth Wiley (Dkt. No. 46) is **MOOT**.
2) Plaintiffs' Second Motion to Amend (Dkt. No. 48) is **DENIED**.
3) Plaintiffs' Motion for Preliminary Injunction (Dkt. No. 42) is **DENIED**.
4) Defendants' Motion to Dismiss (Dkt. No. 30) is **GRANTED**.  This matter is DISMISSED IN ITS ENTIRETY WITH PREJUDICE.

DATED:  **January 29, 2009**

Honorable Edward J. Lodge
U. S. District Judge